IN THE

TENTH COURT OF APPEALS




 
 
 
 
 
 
 


 



No. 10-06-00270-CR

 

Jonas Demar Jackson,

                                                                      Appellant

 v.

 

The State of Texas,

                                                                      Appellee

 

 

 



From the 54th District Court

McLennan County, Texas

Trial Court No. 2006-357-C

 



MEMORANDUM  Opinion



 








          Appellant has filed a withdrawal
of his notice of appeal under Rule of Appellate Procedure 42.2(a).  See Tex. R. App. P. 42.2(a); McClain v.
State, 17 S.W.3d 310, 311 (Tex. App.CWaco
2000, no pet.) (per curiam).  We have not issued a decision in this appeal. 
Appellant personally signed the withdrawal.  The Clerk of this Court has sent a
duplicate copy to the trial court clerk.  Id.  Accordingly, the appeal
is dismissed.

PER CURIAM

Before
Chief Justice Gray,

Justice Vance, and

Justice Reyna

Appeal
dismissed

Opinion
delivered and filed January 24, 2007

Do not
publish

[CRPM]






p>
(a) After notice to the defendant, a matter of form or
substance in an indictment or information may be amended at
any time before the date the trial on the merits commences. 
On the request of the defendant, the court shall allow the
defendant not less than 10 days, or a shorter period if
requested by the defendant, to respond to the amended
indictment or information.
* * *
(c) An indictment or information may not be amended over
the defendant's objection as to form or substance if the
amended indictment or information charges the defendant with
an additional or different offense or if the substantial
rights of the defendant are prejudiced.
TEX. CODE CRIM. PROC. ANN. art. 28.10 (Vernon 1989). Here, the
indictment was amended more than sixty days prior to trial, and
Appellant had ample time to respond. Furthermore, both the
original and the amended indictments charged Appellant with the
same offense, involuntary manslaughter, i.e., "recklessly [causing]
the death of an individual, Baby Girl Van." See TEX. PENAL CODE
ANN. § 19.05(a)(1) (Vernon 1989). The amended indictment merely
alleged with more specificity the act Appellant was charged with
recklessly committing. Point three is overruled.
All points have been overruled. The judgment is affirmed.
 
                         
BOB L. THOMAS
DO NOT PUBLISHChief Justice